IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-691-MHT-JTA |
| | ) |
| DONALD TRUMP, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is the Complaint (Doc. No. 1) filed by Plaintiff Jarmal Jabbar Sanders. Also before the court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons stated below, the court recommends that the motion for leave to proceed *in forma pauperis* be granted, that pages two through five of the Complaint be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and that the action be dismissed as frivolous with prejudice and without leave to amend.

**I.      STANDARD OF REVIEW**

When a litigant is allowed to proceed *in forma pauperis*, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"[S]ection 1915, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 422CV00139CDLMSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). The term "frivolous" as used in 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, or delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992);

*see also Dailey*, 2022 WL 17730877, at *1 ("A claim is frivolous if it 'lacks an arguable basis either in law or in fact.'" (quoting *Miller*, 541 F.3d at 1100 (11th Cir. 2008))).

*Pro se* pleadings must liberally construed because they are held to a less stringent standard than pleadings drafted by attorneys. *Miller*, 541 F.3d at 1100. Though the *pro se* litigant will not be "penalize[d] . . . for linguistic imprecision in the more plausible allegations" of the complaint, "wildly implausible allegations in the complaint should not be taken to be true." *Id.*

Further, pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Though rarely used, the district court has the discretion to strike a pleading *sua sponte* under Rule 12(f). FED. R. CIV. P. 12(f) ("The court may act . . . on its own."); *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).[1] Scandalous, impertinent, and immaterial allegations in a complaint are subject to being stricken when the allegations have no relation to the subject matter of the litigation and will prejudice the defendant or the proceedings. *Augustus*, 306 F.2d at 868 & n.6; 2 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 12.37 (2022).

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

"Immaterial" and "impertinent" allegations are "neither responsive nor relevant to the issues involved in the action." 2 MOORE'S FEDERAL PRACTICE - CIVIL § 12.37; 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1382 (3d ed.) (explaining that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and "'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question"). "'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." MOORE'S FEDERAL PRACTICE - CIVIL § 12.37; 5C FED. PRAC. & PROC. CIV. § 1382 (3d ed.) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.").

## II. ANALYSIS

On December 7, 2022, Plaintiff filed a Complaint against Donald Trump, Alabama Governor Kay Ivey, and Lynnethia Bennett. In the Complaint, Plaintiff alleges he was a write-in candidate for the 2022 Alabama State House District 67 election. (Doc. No. 1 at 1; Doc. No. 1-1 at 5.) Plaintiff further alleges that, before he ran for House District 67, he was a candidate for President of the United States. Plaintiff states that, as a presidential candidate, he received a National Intelligence Estimates Report "intended for high ranking U.S. military, sitting and former members of the United States of America Congress,

4

candidates for the United States of America Congress, candidates for President of the United States of America, and . . . former Presidents of the United States of America and for the current President of the United States of America." (Doc. No. 1 at 2.) According to Plaintiff, the intelligence report "evaluates the security situation of candidates for federal public office," including "a security assessment for federal elected officials and a security assessment for the President of the United States of America." (*Id.*) The report contained "many things" the Plaintiff found "extremely disturbing" that were designed to "stop [Plaintiff] from running for public office by persons who the report identified as elected officials, crackheads and people who were paid off to take [his] life with drug money, stolen political action committee money." (*Id*. (sic).)

From there, the Complaint outlines numerous salacious alleged plots and coverups by Defendants and others. To avoid propounding scandalous and impertinent allegations, the court will not set out all the allegations in detail. One of the alleged plots involves a conspiracy by two individuals (who are not defendants) to appropriate television and radio company computer technology that was designed to "'brainwash' the general public by computer to make them to buy products and services via advertisements on their radio and television networks forcefully by electronic means by using computer programs to send out messages on carrier waves." (Doc. No. 1 at 3.) The two individuals, who are or were municipal officials, allegedly used the appropriated technology "to make people like them

and forget" that they are "pedifiles" (sic) who "hurt people." (Doc. No. 1 at 3.) Another alleged plot involves a purported scheme by an individual (not named as a defendant) to "g[e]t these 'crackheads' out of the 'crackhouses' in East Selma . . . and from somewhere in the unincorporated area in Dallas County," who then "were able rape, kill, and steal anything that they wanted to just because they some City Of Selma Mayor with a computer." (*Id*. (sic).)

From there, the Complaint becomes difficult to follow and contains profanity and fanciful scandalous allegations against Defendants and others of murder, mass murder, murder-for-hire, pedophilia, rape, public corruption, theft, kickbacks, mass burials of children in the Selma landfill, and cover-ups of various illegal activities. (Doc. No. 1 at 2-5.) The Complaint also contains allegations of cross-dressing and homosexual relationships phrased in bigoted and curse-word-laden terms. (Doc. No. 1 at 2-5.) What the Complaint does not contain are allegations that are pertinent or material to Plaintiff's cause of action.[2] The only allegation in the Complaint that has any relationship whatsoever to Plaintiff's claim that Defendants conspired to keep him from running for office is this:

---

[2] For example, in one of the less crass allegations of the Complaint, Plaintiff states that, according to the purported National Intelligence Report, "Alabama Governor Kay Ivey discovered that the former President [o]f the United States of America holds clear title to all land that is in the name of the State of Alabama and that there was no contract between him and the State of Alabama." (Doc. No. 1 at 3.) According to Plaintiff, "[t]he report states that the state of Alabama Governor Kay Ivey fail[ed] to act after this discovery." (Doc. No. 1 at 3 (sic).) Like the other acts alleged in the Complaint, this allegation has no apparent relationship to Plaintiff's attempt to run for office or Defendants' alleged desire to stop him from running for office.

> [t]he National Intelligence Estimates states that Former United States of America President Donald John Trump also is involved with disallowing me to run for public office to hide his part in the theft of stolen City of Montgomery funds and was present in the City of Montgomery, Alabama to meet with Alabama Gov. Kay Ivey and City of Montgomery Mayor Steven Reed to insure the cover-up of the theft of City of Montgomery, Alabama funds and State of Alabama funds between 2021-2022.

(Doc. No. 1 at 5 (sic).)

This allegation is does not provide any specific information as to what Donald Trump supposedly did to prevent Plaintiff from running for public office. However, allowing an opportunity to amend to provide more specificity would be futile, as the allegation's supposed source is the National Security Estimates Report that Plaintiff purportedly received as a candidate for President of the United States. Based on the remainder of the fantastical allegations in the Complaint, for which the National Security Estimates Report is also the alleged source, the court finds it wholly incredible that Plaintiff is in fact accurately describing the contents of an authentic National Security Estimates Report or that he personally received such a report. Plaintiff's claim to be the recipient of an authentic intelligence report is further rendered incredible by the three photographs attached to Plaintiff attached to the Complaint and labelled "national intel[] photo[s]." (Doc. No. 1-1 at 1-3 (sic)). The photos are not national intelligence photos.

At the conclusion of the numerous allegations of corruption, Plaintiff states: "I think that these are sufficient grounds to on which I can establish a bases that someone is under

minding my ability to run for public office and not accommodating me under 1983 federal code." (Doc. No. 1 at 5 (sic).) For relief, Plaintiff requests that the court "decertify the Alabama State House of Representatives District 67 race" and "order another election for Alabama State House of Representatives District 67." (Doc. No. 1 at 6.)

Upon serious consideration of the Complaint's allegations and the governing law, the Court recommends that pages two through five of the Complaint be stricken as immaterial, impertinent, and scandalous. Although striking allegations *sua sponte* under Rule 12(f) is rare, it is within the Court's discretion to do so, particularly where, as here, the allegations to be stricken are not merely immaterial and impertinent, but scandalous as well. *See* 5C FED. PRAC. & PROC. CIV. § 1382 ("[T]he disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations."); *see also Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) ("When material contained in pleadings is 'scandalous,' . . . courts are more likely to strike such material from a pleading" than if the material is merely impertinent or irrelevant.).

Pages two through five of the Complaint are impertinent and immaterial because none of the specifically alleged factual averments therein consist of conduct directed at Plaintiff or his attempts to run for office. *See* 2 Moore's Federal Practice - Civil § 12.37

("An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action."). Pages two through five are also rife with salacious allegations and direct attacks on the moral character of Defendants and others not named in the Complaint; those allegations and attacks are phrased in "repulsive language that detracts from the dignity of the court." 2 Moore's Federal Practice - Civil § 12.37; *Rolison v. Sterling*, No. CIVA 08-0389-CG-M, 2009 WL 2514294, at *6 n.1 (S.D. Ala. Aug. 13, 2009) ("matter is 'scandalous for the purposes of Rule 12(f) when it . . . unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court'" (quoting *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 224 F.R.D. 261, 263 (D.D.C.2004)). Accordingly, due to the impertinence, immateriality, and scandalous nature of the accusations contained in pages two through five of the Complaint, the lack of any conceivably real basis for those accusations, the use of abusive language that detracts from the dignity of the court, the aspersions cast on the moral character of Defendants and others, and the fact that the undersigned is recommending dismissal of the Complaint as frivolous prior to service (thus pretermitting any opportunity for Defendants or others to respond to the allegations in this proceeding), pages two through five of the Complaint are due to be stricken.

Further, having earnestly considered Plaintiff's allegations and the governing law, the undersigned recommends that the Complaint be dismissed with prejudice as frivolous.

A complaint is "frivolous" if it is "clearly baseless," such as when it is founded on "allegations that are fanciful, fantastic, or delusional" or "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Complaint, on its face, squarely meets this definition of frivolousness. Plaintiff's allegation that Defendants and others are organized in a corrupt, murderous, pedophilic cabal of local, state, and federal officials conspiring to thwart Plaintiff's political aspirations is wholly incredible, fanciful, fantastic, or delusional. The alleged source of Plaintiff's information is not credible, Defendants' alleged activities are implausible, and none of the specifically alleged activities of Defendants or third parties are pertinent or material to Plaintiff's attempts to run for office or to Defendants' alleged desire to thwart those attempts. *See Bilal*, 251 F.3d at 1349 ("[F]rivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" (quoting *Neitzke*, 490 U.S at 327)); *see also Neitzke*, 490 U.S at 327 (holding that § 1915 affords "judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

The undersigned has considered whether it would be appropriate to allow an opportunity to amend and recommends against affording Plaintiff that opportunity in this case. "The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or

10

permitting the plaintiff to amend—if it concludes that the claims are frivolous." *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *cf. Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (holding that, "[w]hile a pro se litigant generally must be given at least one opportunity to amend his complaint," before dismissal for failure to state a claim upon which relief can be granted, "a district judge need not allow an amendment where amendment would be futile"). Because Plaintiff's Complaint is frivolous, allowing an opportunity to amend would be futile and an unwise use of limited judicial resources. Despite this Recommendation, if Plaintiff wishes to address the deficiencies in his Complaint, he is not without recourse. "Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct.*, No. 2:19-CV-281-MHT-WC, 2020 WL 2744116, at *6 n.3 (M.D. Ala. Apr. 21, 2020), report and recommendation adopted, No. 2:19CV281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

11

Further, it is the RECOMMENDATION of the Magistrate Judge that

1. Pages two through five of the Complaint be stricken as impertinent, immaterial, and scandalous; and

2. The Complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) prior to service of process and without an opportunity to amend.

It is further ORDERED that on or before **January 6, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of December, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE